NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000644
07-JUN-2013
08:05 AM

NO. CAAP-12-0000644

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHAYNE EDRALIN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P112-03958)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Shayne Edralin (Edralin) timely appeals from the final judgment and sentence convicting him of one count of Terroristic Threatening in the Second Degree in violation of Hawai'i Revised Statutes (HRS) § 707-717(1) (1993), which was entered on June 22, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1] Edralin challenges the judgment and sentence, arguing that there was insufficient evidence to support the conviction because Plaintiff-Appellee State of Hawai'i failed to adduce substantial evidence to prove that Edralin's conduct amounted to a true threat as required by State v. Chung, 75 Haw. 398, 416-17, 862 P.2d 1063, 1073 (1993). Specifically, Edralin contends that the State did not adduce evidence that his conduct, when viewed in the context of the circumstances, was (1) unequivocal and

---

[1] The Honorable Paul B.K. Wong presided.

unambiguous; (2) unconditional and specific to the complaining witness (CW); and (3) conveyed that Edralin had the apparent ability to carry out the alleged threat such that the threat would reasonably tend to induce fear of bodily injury in CW.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Edralin's points of error as follows:

(1) In his first argument,[2] in which he contends that the State failed to adduce evidence that his conduct was unequivocal and unambiguous, Edralin mischaracterizes the alleged threat when he suggests that the conduct at issue was his gesticulating while holding a black telephone. Instead, the conduct -- as described in CW's testimony and found by the District Court -- was Edralin's pretending to shoot at CW while holding an object that appeared to be a gun. Edralin provides no authority for the proposition that pretending to shoot another with an object that appears to be a gun is too equivocal or ambiguous to communicate a true threat. Cf. State v. Matyas, 10 Haw. App. 31, 35, 859 P.2d 1380, 1383 (1993) (explaining that jury convicted defendant of terroristic threatening in the second degree where the evidence suggested that the defendant had a toy gun); State v. Gray, No. W2002-02259-CCA-R3-CD, 2004 WL 115185, at *3 (Tenn. Crim. App. Jan. 21, 2004) (holding that a defendant's use of a cellular telephone to simulate a gun and threatening to shoot victim justified reasonable belief that defendant possessed a deadly weapon); State v. Tillman, 511 N.W.2d 128, 134 (Neb. Ct. App. 1993) ("Indeed, the pointing of a gun by itself might constitute a terroristic threat.").

---

[2]     It appears that Edralin patterns his three arguments after the two methods of proof discussed in State v. Valdivia, 95 Hawai'i 465, 477, 24 P.3d 661, 673 (2001), either of which may be used to prove the imminency required for a true threat.

In essence, Edralin's first argument asks the court to discredit CW's testimony that Edralin pretended to shoot at CW's car while holding an object that appeared to be gun and to make a new finding of fact regarding the definitive absence of a gun without any record evidence that conclusively demonstrates this. Such an approach inverts the standard of review, which requires the appellate court to view the evidence in the light most favorable to the State and does not permit a re-weighing of the evidence or the credibility of witnesses. See State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981); State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) ("The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence."); State v. Hopkins, 60 Haw. 540, 542, 592 P.2d 810, 812 (1979) (holding that the trier of fact may accept or reject any witness's testimony in whole or in part).

Accordingly, when viewed in the light most favorable to the State, CW's testimony that Edralin mimicked shooting at CW while holding an object that appeared to be gun established that Edralin's conduct communicated an unequivocal and unambiguous threat.

(2) Edralin next argues that the State failed to adduce substantial evidence that Edralin's conduct and the attendant circumstances were unconditional and specific to CW.

Edralin first points out that CW's testimony contained minor inconsistencies and suggests it should not have been credited. However, minor inconsistencies in a witness's testimony do not make it incredible as a matter of law. See Mitchell, 94 Hawai'i at 393, 15 P.3d at 319; Hopkins, 60 Haw. at 542, 592 P.2d at 812.

Edralin also argues that, even if credited, CW's testimony indicated that Edralin alternated between pointing between the bus and other cars, which does not demonstrate that Edralin was specifically targeting CW. But, as a matter of

logical necessity, a reasonable trier of fact would not have to conclude that Edralin's conduct, in which he pretended to shoot multiple individuals while holding an object that appeared to be a gun, did not constitute a threat specific to any specific individual within that group. This is particularly true in this case because CW testified that Edralin made eye contact with him while engaging in the threatening behavior. As such, a reasonable trier of fact could conclude that, in addition to pointing the object that appeared to be a gun at multiple individuals, Edralin also specifically targeted CW.

Finally, Edralin contends that any threat was not unconditional because CW's testimony indicated that Edralin pointed the object at CW when CW's driving brought the car closer to Edralin and, thus, Edralin's pointing was for the purpose of securing safe passage to the other side of the street and to prevent other drivers from hitting him. Even if Edralin's threat was conditional, the case law does not require the State to prove that the threat was perfectly unconditional, merely that it was "so . . . unconditional . . . as to convey a gravity of purpose and imminent prospect of execution." See, e.g., People v. Brooks, 31 Cal. Rptr. 2d 283 (Cal. Ct. App. 1994) (holding that "[c]onditional threats are true threats if their context reasonably conveys to the victim that they are intended, and the First Amendment is not implicated by such threats since they do not concern political or social discourse or the so-called marketplace of ideas" and collecting federal cases supporting this conclusion).

Given this analysis, again, Edralin's argument only succeeds if the court inverts the appropriate standard of review, which requires the appellate court to review the evidence in the light most favorable to the State. See Tamura, 63 Haw. at 637-38, 633 P.2d at 1117. The court, therefore, rejects Edralin's argument that the State failed to adduce substantial evidence that Edralin's conduct and the attendant circumstances were sufficiently unconditional and specific to CW to constitute a

true threat where CW testified that Edralin made eye contact with him and mimicked shooting at him while holding an object that appeared to be gun.

(3) Finally, Edralin argues that the State failed to adduce substantial evidence that Edralin had the apparent ability to carry out the alleged threat such that the threat would reasonably tend to induce fear of bodily injury in CW because his pointing a cellular telephone at another is not objectively susceptible to inducing fear of bodily injury in a reasonable person and a reasonable person -- particularly one with CW's Army training -- could not have mistaken the telephone for a gun.

Here, again, Edralin's argument first assumes a fact -- that he was holding a telephone and not a gun -- that is not established in the record. Second, Edralin provides no compelling logic or legal authorities for the proposition that a cellular telephone could not reasonably be mistaken for a gun, particularly when the holder of the object holds it in a manner that is similar to how guns are held and the holder uses it to mimic shooting at people. Again, to the contrary, other courts have credited testimony in which the witness stated that a defendant used a cellular telephone to simulate possession of a gun. See, e.g., Gray, 2004 WL 115185, at *3. Additionally, there is no evidence that affirmatively establishes that Edralin lacked the physical ability to carry out the threat communicated by his conduct.

Given these flaws, the court rejects Edralin's argument that the State failed to adduce substantial evidence that Edralin had the apparent ability to carry out the alleged threat such that the threat would reasonably tend to induce fear of bodily injury in CW where CW testified that Edralin mimicked shooting at CW while holding an object that appeared to be gun.

Therefore,

IT IS HEREBY ORDERED that the District Court of the First Circuit, Honolulu Division's June 22, 2012 final judgment and sentence convicting Edralin of one count of Terroristic

5

Threatening in the Second Degree in violation of HRS § 707-717(1) is affirmed.

DATED:  Honolulu, Hawai'i, June 7, 2013.

On the briefs:

Evan S. Tokunaga,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6